**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | ) | |
| | ) | Case No. 3:25-cv-280 |
| *Plaintiff*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge McCook |
| DARRELL WILLIAMSON, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION & ORDER**

The Court previously ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [Doc. 41]. After reviewing Plaintiff's Response [Doc. 42], the Court finds that it does not have subject matter jurisdiction over this action. The Court has entered only one order that arguably touches on the merits of the litigation. That Consent Order [Doc. 39] will be **VACATED**, the Motions for Default Judgment [Docs. 31 & 32] **DENIED AS MOOT**, and this action **DISMISSED WITHOUT PREJUDICE**.

## I. FACTUAL & PROCEDURAL BACKGROUND

This is an action seeking judicial foreclosure of a lien on real property in which the United States, on behalf of the Secretary of Veterans Affairs, holds a subordinate lien interest. In its Complaint [Doc. 1], Plaintiff PennyMac Loan Services, LLC, asserts the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, "as PennyMac seeks to foreclose a lien on real property in which the VA . . . holds a subordinate lien interest." [Doc. 1 at ¶ 5]. Plaintiff also contends jurisdiction is proper pursuant to 28 U.S.C. § 1331, "as the matter involves the interpretation and enforcement of federal laws governing the VA's lien rights." [*Id.*].

In reviewing Plaintiff's Motions for Default Judgment [Docs. 31 & 32], the Court became concerned that subject matter jurisdiction was lacking and therefore raised the issue *sua sponte*.

*See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) ("[C]hallenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*."). The Court therefore ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. [Doc. 41]. Plaintiff timely responded, arguing the Court should treat 28 U.S.C. § 2410 "as a jurisdiction-conferring statute," based on dicta from the Supreme Court's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 317 n.4 (2005). [Doc. 42].

## II. ANALYSIS

The relevant statutes are 28 U.S.C. § 2410(a) and § 1444. Section 2410(a) provides: "Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. Section 1444, meanwhile, gives the United States the right to remove such actions: "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444. "That phrasing presupposes that the forum – whether state or federal – must independently possess subject matter jurisdiction over the underlying dispute." *CitiMortgage, Inc. v. Walker*, 2026 WL 1984253, *1 (M.D. Ala. July 9, 2026) (holding § 2410 does not provide subject matter jurisdiction over judicial foreclosure action).

As the Court previously explained, "Section 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002); *McNeill v. Franke*, 171 F.3d 561, 563 (8th Cir. 1999) ("The statute does not grant jurisdiction, however, but merely waives sovereign immunity."); *Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964) ("[I]t is the position of this Circuit that 28 U.S.C. § 2410 does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal courts."); *see also Elfelt v. United States*, 47 F. App'x 386, *3 n.2 (6th Cir. 2002) (reserving the jurisdictional question, but noting that "[m]ost authorities . . . view this as a waiver of sovereign immunity, pure and simple, not a positive grant of jurisdiction"); *Leathers v. Leathers*, 856 F.3d 729, 749-50 (10th Cir. 2017) (Section 2410 "waives the United States' sovereign immunity with respect to state-court quiet title actions concerning property over which the government has asserted a lien"). As the United States Court of Appeals for the Seventh Circuit has explained: "All § 2410 does is waive sovereign immunity. It does not authorize quiet title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit." *Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) (quoting *Harrell v. United States*, 13 F.3d 232, 234 (7th Cir. 1993)) (cleaned up).

Though the Sixth Circuit does not appear to have spoken to the issue, the weight of authority is overwhelming. In addition to the appellate decisions cited above, district courts across the country have dismissed similar claims/complaints for lack of subject matter jurisdiction, including a number of cases filed by Plaintiff PennyMac and/or its counsel of record, Attorney Sammy Hooda. *See, e.g., Lakeview Loan Servicing, LLC v. Tennyson*, 2026 WL 799709 (N.D. Tex. March 23, 2026); *AmeriHome Mortgage Co., LLC v. Brantley*, 2025 WL 3260512 (N.D. Tex. Oct. 30, 2025), *report and recommendation adopted*, 2025 WL 3258662 (N.D. Tex. Nov. 21,

2025); *Servis One, Inc. v. Brown*, 2026 WL 852010 (M.D. Ga. March 27, 2026); *Planet Home Lending, LLC v. Waterwall*, 2026 WL 1084006, at *2 (S.D. Tex. April 6, 2026).

Plaintiff nonetheless argues that dicta from Supreme Court and Fifth Circuit decisions compel a contrary conclusion. Plaintiff, its counsel, and other lenders seeking judicial foreclosure have unsuccessfully raised these same arguments many times in multiple district courts. *See, e.g., Renasant Bank v. Hobbs*, 2026 WL 2256307, *2 (S.D. Ga. Aug. 5, 2026) ("Multiple district courts, including several within the Eleventh Circuit, have recently addressed and rejected the same argument in the same context."). First, Plaintiff points to the Supreme Court of the United States's decision in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 317 n.4 (2005). According to Plaintiff, the *Grable* Court "interpreted § 2410 to create a cause of action against the government in addition to waiving sovereign immunity." [Doc. 41 at 2]. The Supreme Court's treatment of the issue was far more modest than Plaintiff suggests, contained in a single footnote: "Federal law does provide a quiet title cause of action against the Federal Government." *Grable*, 545 U.S. at 317 n.4.

As others have thoroughly explained, "*Grable* can be easily distinguished." *Servis One, Inc. v. Brown*, 2026 WL 852010, *3-4 (M.D. Ga. Mar. 27, 2026). First, "the existence of a cause of action and the existence of subject-matter jurisdiction are distinct questions: a statute may create or recognize a right to sue without enlarging the jurisdiction of the federal courts." *Planet Home Lending,* 2026 WL 1084006 at *2. Second, *Grable* is not factually analogous. It was not an action seeking judicial foreclosure, but "a quiet title claim premised upon an issue of federal tax law." *Servis One,* 2026 WL 852010, at *3-4. Third, *Grable* was filed in state court and later removed to federal court, so "it would have implicated Section 1444's jurisdictional grant had the United States been a defendant." *Id.* So "the original jurisdiction of the district court was not at issue in

*Grable*." *Id.* Relatedly, the Supreme Court's statement was dictum. *Grable* does not control or even truly speak to the question of whether § 2410 confers original jurisdiction on the federal courts.

Second, Plaintiff urges the Court to distinguish the Fifth Circuit's decision in *Hussain v. Boston Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002) "as either non-controlling dicta or factually limited." [Doc. 42 at 1]. But Plaintiff makes no effort to show that *Hussain*'s discussion of § 2410 was dicta, and the decision predates the unpublished opinion on which Plaintiff relies.[1] Neither is controlling in the Sixth Circuit. Yet *Hussain* is no outlier – the Courts of Appeal for the Seventh, Eighth, and Ninth Circuits have held or suggested that § 2410 is not a jurisdictional statute. And at least six more judicial foreclosure cases have been dismissed by district courts in Alabama, Georgia, and Texas on nearly identical grounds since the Court issued its Order to Show Cause [Doc. 41] on July 2, 2026.[2]

---

[1] PennyMac has made this argument before, too, and it has been rejected by at least one district court quite recently. *Pennymac Loan Services, LLC v. Boling*, 2026 WL 2621134, *3 (E.D. Tex. Sept. 4, 2026). The court explained: "Cases that have made a contrary finding have relied on two unpublished decisions of the United States Court of Appeals for the Fifth Circuit: *Bartolomeo* and *Bradford*." *Id.* (citing *Bartolomeo USA, L.L.C. v. U.S. Dep't of Housing & Urb. Dev.*, 2021 WL 5458117, at *2 (5th Cir. Nov. 22, 2021), and *Bradford v. U.S. Dep't of Agric., Rural Dev.*, 606 F. App'x 259, 260 (5th Cir. 2015)). "In both opinions, the Fifth Circuit appears to state that § 2410 would have conferred subject matter jurisdiction if the government had possessed the necessary property interest," but the issue "was not determinative in either proceeding and the circuit court's statements were *dicta*." *Id.* Even were these cases in-circuit, the prior published decision in *Hussain* would be controlling. *Id.*

[2] *Amerihome Mortg. Co., LLC v. Guin*, 2026 WL 2673763, *6 (E.D. Tex. Sept. 10, 2026) ("[T]he text of § 2410 . . . just allows the United States to be added as a party to a suit in a federal or state court with jurisdiction, waiving the United States' sovereign immunity."); *accord Renasant Bank v. Hobbs*, 2026 WL 2256307 (S.D. Ga. Aug. 5, 2026); *Planet Home Lending, LLC v. Collins*, 2026 WL 1984337 (M.D. Ala. July 9, 2026); *Lakeview Loan Servicing, LLC v. Parker*, 2026 WL 2241798 (E.D. Tex. Aug. 3, 2026); *Newrez, LLC v. Greene*, 2026 WL 2389716 (S.D. Tex. July 16, 2026), *report and recommendation adopted* 2026 WL 2351859 (S.D. Tex. Aug. 13, 2026); *CitiMortgage v. Walker*, 2026 WL 1984253 (M.D. Ala. July 9, 2026).

Plaintiff's citation to *Lewis v. Hunt*, 492 F.3d 565 (5th Cir. 2007), is similarly unavailing. *Lewis* is not binding precedent in the Sixth Circuit and was not originally filed in federal court. Rather, the United States was sued in Louisiana state court under § 2410 and removed the action to the district court, exactly as § 1444 contemplates. And *Lewis* explains that the "only apparent purpose" of § 2410 was to waive sovereign immunity. *Id.* at 571-72 (describing § 2410 as a "lien removal statute").

Finally, the Court's Order to Show Cause [Doc. 41] discussed the Complaint's assertion that jurisdiction is proper pursuant to 28 U.S.C. § 1331, "as the matter involves the interpretation and enforcement of federal laws governing the VA's lien rights." [Doc. 1 at ¶ 5]. The Court noted that the Complaint identifies no such federal law or issue, but rather appears to arise entirely out of state law. [Doc. 41 at 2]. Plaintiff's Response [Doc. 42] does not address this issue.[3] Plaintiff's state law claims do not "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314; *see Planet Home Lending,* 2026 WL 1084006 at *2 ("Determination of its lien rights does not turn on federal law, so the presence of the United States as a lienholder cannot transform a run-of-the-mill state law claim into a federal question.") (citation omitted, cleaned up). Section 1331 does not provide a basis for jurisdiction and Plaintiff has waived any argument to the contrary by failing to raise it in response to the Order to Show Cause.

---

[3] Perhaps the failure to address this jurisdictional allegation was an oversight. Mr. Hooda is nonetheless **REMINDED** that by signing and filing the Complaint, he certified to the Court that the legal contentions therein were "warranted by existing law or by nonfrivolous argument" for modifying existing law. Fed. R. of Civ. Proc. 11(b). If counsel cannot provide legal support for the proposition that jurisdiction exists under § 1331, that assertion should not appear in a pleading filed with the Court.

## III. CONCLUSION

Plaintiff PennyMac Loan Services, LLC, and/or its counsel, Attorney Sammy Hooda, have initiated many cases seeking judicial foreclosure of real property in different federal courts. Other lawyers and their clients appear to be testing the waters as well, urging that 28 U.S.C. § 2410 is a jurisdictional statute and therefore allows judicial foreclosure actions with a subordinate federal lien to be filed in federal district courts. With few exceptions, those efforts have been unsuccessful in district courts in Alabama, Georgia, and all across Texas. Plaintiff's arguments have been rejected by many judges, and the Court finds their reasoning persuasive here. The Court finds that subject matter jurisdiction over this action is absent.

Because the Court lacks subject matter jurisdiction, the previously-entered Consent Order [Doc. 39] is **VACATED**.[4] The Motions for Default Judgment [Docs. 31 & 32] are **DENIED AS MOOT**, rendering the Report and Recommendation [Doc. 40] of Magistrate Judge McCook **MOOT**.

This action is **DISMISSED** for lack of subject matter jurisdiction. A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*___________
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

[4] While other orders were entered in this case, they are largely procedural or case management orders. None touch on the merits of the action or speak to the respective rights or obligations of the parties.